# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
June 9, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**JEFFREY A. SCARBRO,**
**Claimant Below, Petitioner**

**vs.)    No. 13-0107** (BOR Appeal No. 2047277)
             (Claim No. 2011005032)

**BRODY MINING, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Jeffrey A. Scarbro, by Reginald D. Henry, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Brody Mining, LLC, by Matthew L. Williams, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated December 5, 2012, in which the Board affirmed a May 30, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's December 30, 2010, decision which granted a 5% permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Scarbro, a forklift operator, was injured in the course of his employment when he fell backwards onto a piece of machinery while dislodging a bag of rock dust on July 20, 2010. His claim was held compensable for lumbar sprain/strain. Medical records dating back as far as 1999 indicate Mr. Scarbro has a long history of back problems including at least three previous work-related injuries. MRIs and x-rays taken prior to the compensable injury show degenerative changes and bulging discs in the lower lumbar spine.

1

The claims administrator granted Mr. Scarbro a 5% permanent partial disability award on December 30, 2010, based upon a report by Paul Bachwitt, M.D. Bruce Guberman, M.D., performed an independent medical evaluation on August 29, 2011. He noted that Mr. Scarbro had an episode of lower back pain ten years prior but stated that there were no other back injuries or previous problems. He diagnosed lumbar radiculitis, lumbosacral spondylosis without myelopathy, and displacement of intervertebral disc without myelopathy and recommended the conditions be added to the claim. For the compensable condition of lumbar sprain/strain Dr. Guberman assessed 8% impairment. He opined that if the diagnosed conditions were compensable components of the claim, he would recommend 13% whole person impairment. Marsha Bailey, M.D., performed an independent medical evaluation on December 13, 2011. She noted that Mr. Scarbro has a long history of back injuries and degenerative changes. She found that he was at maximum medical improvement for his compensable condition and assessed 5% whole person impairment. She apportioned 3% to pre-existing degenerative conditions and the remaining 2% to the work-related injury.

The Office of Judges affirmed the claims administrator's decision in its May 30, 2012, Order. It found that the claim was held compensable for a lumbar sprain and a request to add additional conditions to the claim had previously been denied. The Office of Judges concluded that the evidence established that Mr. Scarbro has a long history of pre-existing back problems, injuries, and degenerative conditions. Dr. Guberman's opinion was found to be unpersuasive. Though he found an additional 5% impairment for lumbar radiculitis, lumbosacral spondylosis without myelopathy, and displacement of intervertebral disc without myelopathy, those conditions are not compensable components of the claim and cannot be considered for a permanent partial disability award. The Office of Judges also determined that he was unaware of Mr. Scarbro's pre-existing back problems and failed to apportion his recommended 8% impairment for lumbar sprain/strain for the pre-existing conditions. Dr. Bailey's report was found to be more persuasive because she had a more complete understanding of Mr. Scarbro's medical history and she apportioned for pre-existing back conditions. Dr. Bachwitt's report also indicated he was aware of, and apportioned for, the pre-existing back conditions. The Office of Judges therefore held that Mr. Scarbro was entitled to no more than a 5% permanent partial disability award.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order in its December 5, 2012, decision. We agree with the reasoning and conclusions of the Board of Review. The evidentiary record shows that Mr. Scarbro sustained no more than 5% permanent impairment as the result of his compensable injury.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  June 9, 2014**

2

**CONCURRED IN BY:**

Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II